Curia, per
Johnson, J.
It may be admitted that in general the obligation which the law imposes on an attorney in respect to his client is discharged by prosecuting his cause toan end which would s.eem to exclude theideathat the receipt of his clients money constituted any part of his official duty. Com. Dig. Tit. Attorney, B. 9.10. And hence the objection which is now raised; and I think it a reasonable conclusion that an action would not, unless *260 perhaps under very peculiar circumstances, lie against an attorney for neglecting to receive money recovered for his client. The authority of the attorney to receive the money of his client if he thinks proper to do so, has so far as I have been able to ascertain, never been seriously questioned. The usage is universal, and the oldest members of the profession practise it, and it is sanctioned by very high and venerable authority. In 1 Rol. 291. L. 17. and 1 Do. 367, cited in Com. Dig. Tit. Atty. B. (10,) it is said, that an attorney may, on the receipt of the money of his client, acknowledge satisfaction on the record.
The ground most relied on and which has heen urged with great zeal arises out of the receipt of the money by Roddy, after the dissolution of copartnership. It is founded on the well understood rule, that after the dissolution of copartnership one of the partners can do no act which will charge the firm. But the rule has been used on this occasion without regard to the exceptions and qualifications which necessarily arises out of the connection of partners. Accidental and inevitable circumstances, or the mere will of the parties may put an end to the copartnesship in a sudden and unexpected manner, and although as between them the copartnership may be dissolved, the power of discharging the obligations that they have incurred in that relation and of settling all their concerns must of necessity remain, and for these purposes as to all the world they must continue to be partners. Gow. on Partnership, 286-7. 311. Let us by way of illustration take the case of partners engaged in business as common carriers who undertake the transportation of goods and after the receipt of the goods and before they are transported they think proper to dissolve the copart-nership, and one of them embezzles the goods, here the goods deposited with them was on their joint credit and *261 un the faith of their joint undertaking, and surely in an action against them it would be no excuse on the part of the unoffending partner that the concern was dissolved. So in this case the plaintiff confiding in the joint skill and integrity of the defendants as attorneys employed them to conduct his suit against Meadows; in virtue of the contract between them they derived an authority to receive his money, and having received it, they are bound to account for it. As between themselves, the partnership was dissolved, but with respect to their engagement with the plaintiff they could not dissolve it. The authority to receive was derived from a joint contract and their liability must be joint. The opinion of Chancellor Thompson delivered in the case of Hall et. al. vs. Ex’rs. Foster, and concurred in by this court in January last, is conclusive as to this branch of the case. Some stress has been laid on the circumstance that Roddy used his own name only in giving the receipts and not the name of the firm, but there is nothing in it, for it is very clear that if one partner do an act connected with the object of the copartnership, all are bound by it, although it be done in his individual name. Gmv. 73. 78.

New trial refused..